IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kelvin Sharod Addison, #309917, | ) | C/A No.: 1:15-593-SB-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Bryan P. Stirling, Director, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Kelvin Sharod Addison ("Plaintiff"), proceeding pro se and in forma pauperis, filed this action pursuant to 42 U.S.C. § 1983 against Bryan P. Stirling ("Stirling"), Director of South Carolina Department of Corrections ("SCDC"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff is an inmate incarcerated at Evans Correctional Institution in the custody of SCDC. [ECF No. 1 at 2]. The instant complaint appears related to an August 22, 2013, incident in which Plaintiff threw liquid on an SCDC officer. *See Addison v. Moore*, C/A No.: 1:15-571-SB-SVH at ECF No. 1.[1] After investigating the

---

[1] A court may take judicial notice of factual information located in postings on government websites. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th

incident, Investigator Danny Catoe obtained a warrant on September 4, 2013, charging Plaintiff with having thrown bodily fluids on a correctional employee. *See Addison v. Catoe*, C/A No.: 1:15-572-SB-SVH at ECF No. 1 at 3. Plaintiff alleges that Sgt. Brenda Lippe prepared an incident report dated August 22, 2013, that is different from Investigator Catoe's report, which led to Plaintiff's arrest warrant. [ECF No. 1 at 3]. Plaintiff alleges that Investigator Catoe "fail[ed] to come forward" with Sgt. Lippe's report. *Id*. Plaintiff claims that SCDC knew of Investigator Catoe's wrongful intention and failed to correct and discipline him. *Id.* Plaintiff seeks monetary damages. *Id.* at 5.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

---

Cir. 2009) (finding that court may "properly take judicial notice of matters of public record").

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

    B.    Analysis

        1.    Individual Capacity

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions.

*Iqbal*, 556 U.S. at 678–79. Plaintiff's complaint provides no factual allegations regarding Stirling. Accordingly, Stirling is entitled to summary dismissal to the extent he is sued in his personal capacity.

    2.    Official Capacity

To the extent Plaintiff is suing Stirling in his official capacity as director of SCDC, Stirling is protected from suit by the Eleventh Amendment. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996). The Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). Such immunity extends to arms of the state, including state agencies and instrumentalities. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (finding "that in the absence of consent[,] a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment"); *see also Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997) ("It has long been settled that references to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979) (finding that Congress did not abrogate the states' sovereign immunity in 42 U.S.C. § 1983); S.C. Code Ann.

4

§ 15-78-20(e) (affirming that South Carolina has not waived Eleventh Amendment immunity for its political subdivisions). Therefore, to the extent Plaintiff has sued Stirling in his official capacity, he is entitled to summary dismissal.

III.     Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the district court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

February 20, 2015                               Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).